UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMION D. VARNADO,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>DANIEL PARAMO, Warden,<br><br>　　　　　Respondent. | Case No. CV 14-5899 SJO(JC)<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DISMISSING ACTION WITHOUT PREJUDICE |

### I.　SUMMARY

On July 29, 2014, petitioner Damion D. Varnado ("petitioner"), a California prisoner who is proceeding pro se, filed a Petition for Writ of Habeas Corpus (the "Current Federal Petition"). The Current Federal Petition challenges petitioner's 2005 conviction following a jury trial in Los Angeles County Superior Court (the "State Case" or "State Conviction").

Based on the record (including facts as to which this Court takes judicial notice as detailed below) and the applicable law, the Current Federal Petition is denied and this action is dismissed without prejudice for lack of jurisdiction because petitioner did not obtain the requisite authorization from the Court of Appeals to file a successive petition. Further, the Clerk of the Court is directed to

///

refer the Current Federal Petition to the United States Court of Appeals for the Ninth Circuit (the "Ninth Circuit") pursuant to Ninth Circuit Rule 22-3(a).[1]

## II. PROCEDURAL HISTORY[2]

### A. State Proceedings

On February 7, 2005, petitioner was charged with one count of murder and one count of possession of a firearm by a felon. There were two trials in the matter.

On February 14, 2005, petitioner's first trial ended in a mistrial when the jury could not reach a verdict.

On October 31, 2005, at petitioner's second trial, a Los Angeles County Superior Court jury found petitioner guilty of first degree murder and possession of a firearm by a felon. The jury also found true allegations that petitioner personally and intentionally discharged a firearm, a rifle, which proximately caused great bodily injury and death.

On December 15, 2005, the trial court sentenced petitioner to a total of fifty years to life in state prison.

///
///

---

[1] Ninth Circuit Rule 22-3(a) provides in pertinent part: "Any petitioner seeking authorization to file a second or successive 2254 petition . . . in the district court must file an application in the Court of Appeals demonstrating entitlement to such leave under 28 U.S.C. § 2254 . . . . If a second or successive petition . . . is mistakenly submitted to the district court, the district court shall refer it to the [C]ourt of [A]ppeals."

[2] The facts and procedural history set forth in this section are derived from court records in the following cases of which this Court takes judicial notice: (1) Central District of California Case – Damion D. Varnado v. Pleasant Valley State Prison, et al, No. CV 08-1728 SJO(JCx) ("First Federal Petition" or "First Federal Action"); and (2) Ninth Circuit Case – Damion D. Varnado v. Pleasant Valley State Prison, et al, No. 09-56459 ("Ninth Circuit Action"). See Fed. R. Evid. 201; United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) (court may take judicial notice of its own records in other cases).

1  On October 17, 2007, the California Court of Appeal affirmed the judgment
2  of conviction in a reasoned decision.³ On February 19, 2008, the California
3  Supreme Court denied review.

### B. First Federal Action and Ninth Circuit Action

On March 13, 2008, petitioner filed the First Federal Petition in which he challenged his conviction in the State Case on multiple grounds. On July 9, 2014, the Court, on the recommendation of a United States Magistrate Judge, denied the First Federal Petition on the merits and dismissed the First Federal Action with prejudice. Judgment was entered accordingly on July 10, 2009. Petitioner filed a Notice of Appeal on August 25, 2009. On March 23, 2011, the Ninth Circuit denied petitioner a certificate of appealability due to the failure to file a timely notice of appeal in the Ninth Circuit Action.

### C. Current Federal Petition

As noted above, on July 29, 2014, petitioner filed the Current Federal Petition which again challenges the judgment in the State Case. The record does not reflect that petitioner has obtained authorization from the Ninth Circuit to file the Current Federal Petition in District Court.⁴

### III. DISCUSSION

Before a habeas petitioner may file a second or successive petition in a district court, he must apply to the appropriate court of appeals for an order authorizing the district court to consider the application. <u>Burton v. Stewart</u>, 549 U.S. 147, 152-53 (2007) (citing 28 U.S.C. § 2244(b)(3)(A)). This provision "creates a 'gatekeeping' mechanism for the consideration of second or successive

---

[3] Petitioner concurrently filed a direct appeal and a state petition for writ of habeas corpus based on the same claims of ineffective assistance of counsel. The Court of Appeal consolidated the two actions and issued a single reasoned decision rejecting petitioner's claims.

[4] A search of the court's PACER system does not reflect that petitioner has been granted leave to file a second or successive petition by the Ninth Circuit.

1  applications in district court." Felker v. Turpin, 518 U.S. 651, 657 (1996); see also
2  Reyes v. Vaughn, 276 F. Supp. 2d 1027, 1028-30 (C.D. Cal. 2003) (discussing
3  applicable procedures in Ninth Circuit). A district court lacks jurisdiction to
4  consider the merits of a second or successive habeas petition in the absence of
5  proper authorization from a court of appeals. Cooper v. Calderon, 274 F.3d 1270,
6  1274 (9th Cir. 2001) (per curiam) (citing United States v. Allen, 157 F.3d 661, 664
7  (9th Cir. 1998)), cert. denied, 538 U.S. 984 (2003).

8        The court of appeals may authorize the filing of a second or successive
9  petition only if it determines that the petition makes a prima facie showing that at
10 least one claim within the petition satisfies the requirements of 28 U.S.C.
11 Section 2244(b), *i.e.*, that a claim which was not presented in a prior application (1)
12 relies on a new rule of constitutional law, made retroactive to cases on collateral
13 review by the Supreme Court; or (2) the factual predicate for the claim could not
14 have been discovered previously through the exercise of due diligence and the facts
15 underlying the claim would be sufficient to establish that, but for constitutional
16 errors, no reasonable factfinder would have found the applicant
17 guilty of the underlying offense. Nevius v. McDaniel, 104 F.3d 1120, 1120-21
18 (9th Cir. 1997); Nevius v. McDaniel, 218 F.3d 940, 945 (9th Cir. 2000).

19       A second or subsequent habeas petition is not considered "successive" if the
20 initial habeas petition was dismissed for a technical or procedural reason, rather
21 than on the merits. See Slack v. McDaniel, 529 U.S. 473, 485-487 (2000) (second
22 habeas petition not "successive" if initial habeas petition dismissed for failure to
23 exhaust state remedies); Stewart v. Martinez-Villareal, 523 U.S. 637, 643-645
24 (1998) (second habeas petition not "successive" if claim raised in first habeas
25 petition dismissed as premature); but see McNabb v. Yates, 576 F.3d 1028, 1030
26 (9th Cir. 2009) (dismissal on statute of limitations grounds constitutes disposition
27 on the merits rendering subsequent petition "second or successive"); Henderson v.
28 Lampert, 396 F.3d 1049, 1053 (9th Cir.) (dismissal on procedural default grounds

constitutes disposition on the merits rendering subsequent petition "second or successive"), cert. denied, 546 U.S. 884 (2005); Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 228 (1995) (dismissal for failure to prosecute treated as judgment on the merits) (citations omitted).

Petitioner's First Federal Petition was denied on its merits – not for a technical or procedural reason.  Accordingly, the Current Federal Petition is successive.  Since petitioner filed the Current Federal Petition without authorization from the Ninth Circuit, this Court lacks jurisdiction to consider it.

**IV. ORDER**

IT IS THEREFORE ORDERED that the Current Federal Petition is denied and this action is dismissed without prejudice.  The Clerk of the Court is directed to refer the Current Federal Petition to the Ninth Circuit pursuant to Ninth Circuit Rule 22-3(a).

IT IS SO ORDERED.

DATED:     August 4, 2014.

_____
HONORABLE S. JAMES OTERO
UNITED STATES DISTRICT JUDGE